UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASAUN POPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00350-JMS-KMB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING AGREED MOTION FOR RELIEF
FROM SENTENCE UNDER 28 U.S.C. § 2255**

Jasaun Pope is serving a 97-month prison sentence after pleading guilty in 2022 to one count each of conspiring to commit mail fraud and money laundering. Mr. Pope and the United States have filed an agreed motion asking that Mr. Pope be resentenced based on a disparity between the way his sentence and his codefendants' sentences were calculated. The motion is **granted** for the reasons discussed below.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Mr. Pope agreed to plead guilty to one count each of conspiracy to commit mail fraud and money laundering. *United States v. Pope*, No. 1:21-cr-00123-JMS-KMB ("crim. dkt."), dkt. 151 at ¶ 1. In exchange, the United States agreed to dismiss the remaining 12 charges against Mr. Pope. *Id.* at ¶ 4.

Both sides agreed that Mr. Pope was subject to offense-level enhancements under the U.S. Sentencing Guidelines for both the mail fraud and money laundering charges. *See* crim. dkt. 151 at ¶¶ 54–62. Mr. Pope and his four codefendants pled guilty to materially identical charges and conduct, but Mr. Pope was the first to be sentenced. *See* dkt. 1 at ¶¶ 2–4. When Mr. Pope's codefendants were sentenced, defense counsel argued—and the government did not dispute—that the enhancements should apply only to the mail fraud charge. *Id.* at ¶ 8.

## III. Discussion

In essence, Mr. Pope's codefendents benefitted from reductions in their offense levels and Guidelines ranges that Mr. Pope did not receive. The United States agrees that, as a result, Mr. Pope's "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Dkt. 1 at 1 (quoting § 2255(a)). The parties jointly ask the Court to vacate Mr. Pope's sentence and permit him to be resentenced using the same methodology as his codefendants. *Id.* at ¶¶ 13–14.

The request to set aside Mr. Pope's sentence and to permit a resentencing is **granted.** Both parties agree that the sentence imposed violates the Constitution or laws of the United States and

that the error can be remedied through resentencing. This is an extraordinary situation, and the Court will permit a resentencing to cure any defect in the sentencing methodology and to ensure that there is no miscarriage of justice. *See e.g., Brock-Miller v. United States*, 887 F.3d 298, 310 (7th Cir. 2018) (failure to file a plainly meritorious objection could constitute deficient performance).

## IV.  Conclusion

The parties' agreed motion for relief pursuant to 28 U.S.C. § 2255 is **granted**. The sentence in the criminal case, dkt. [210], is **vacated** subject to resentencing.

The clerk is directed to enter final judgment; to docket a copy of this entry in *United States v. Pope*, No. 1:21-cr-00123-JMS-KMB; and to terminate the § 2255 motion pending on the docket in that case, crim. dkt. [307]. A resentencing hearing will be held and an amended judgment will follow in the criminal case.

Mr. Pope's convictions remain intact subject to resentencing, and he will remain in custody pending resentencing.

**IT IS SO ORDERED.**

Date: 3/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
nick.linder@usdoj.gov

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov

Doneaka Rucker-Brooks
LAW OFFICE OF DONEAKA BROOKS
doneakabrooks@yahoo.com